KNAPPTON TOWBOAT COMPANY, *Respondent,*
*v.* CHAMBERS ᴇᴛ ᴀʟ., as *Appellants.*

*Robert Y. Thornton,* Attorney General, Theodore W. deLooze, Assistant Attorney General, and Alfred B. Thomas, Assistant Attorney General, all of Salem, for the appellants.

*Alex L. Parks* and *White, Sutherland & Parks,* of Portland, for the respondent.

Before Rossman, presiding, and Lusk, Brand, Tooze, and Perry, Justices.

PERRY, J.

In our original opinion, filed November 10, 1954, with reference to the plaintiff's operations in towing logs from Youngs Bay to a point called Blind Slough (an Oregon operation) and then towing some of these same logs from Blind Slough to Longview, Washington, we said:

"In determining the allocation of values between the states of Oregon and Washington as to this operation, the trial judge in his well-reasoned opinion said:

'The parties have raised the question as to the allocation of a tow from a point such as Youngs River or to Blind Slough (and particularly involving these points) where the log raft is later picked up by another towing company and towed from Blind Slough to a Washington port.

'Plaintiff contends that because such a trip is billed on a through bill-of-lading from the

Oregon point to the Washington point that it should be allocated 50 percent to Oregon and 50 percent to Washington.

'The Commission contends that because it is assessing each company separately and because the haul, according to the Commission, is from one Oregon point to another Oregon point that one hundred percent be allocated to Oregon.

'The Commission concedes that if both legs of the journey are made by the same company that the whole trip should be treated as one from an Oregon point to a Washington point and be allocated 50 percent to Oregon and 50 percent to Washington. The Court concurs with this concession and adopts it as its view.

'However, where two separate and distinct companies perform separate and distinct functions in the overall picture the rule of the Pullman case [336 US 169] should be employed and each part of the trip should be allocated separately.'

"We concur in the conclusions of law so reasoned and reached by the trial court. The trial court, however, refused to follow its well-reasoned allocation formula for this particular operation in the tax year in question for the reason that 'the records of the plaintiff might not accurately reflect with workable detail the information required to accurately assess movements as hereinabove described'. Thus the trial court concluded that for the tax year in question, even though the tow by the plaintiff from Youngs Bay terminated at Blind Slough, the formula rate for this operation should be considered as a shipment from an Oregon point to a Washington point, allotting 50 percent of the operation to Washington and 50 percent to Oregon. In this the trial court erred."

It now appears in the record that during the course of the trial the parties had agreed as to the proper allocation percentage should the trial court's conclu-

sions of law as set forth and approved by this court apply in the year 1950, which agreement was incorporated in the memoranda briefs of counsel addressed to the trial court, but not included as a part of the record presented in this court. It also appears from the stipulation of the parties, that the well-reasoned formula of the trial court was not applied in the tax year 1950 by reason of a misunderstanding between counsel and the able trial judge, and by reason of this misunderstanding the proper allocation determined by the trial court was not adopted into the decree.

The parties having now filed their stipulation setting forth their agreement as to the percentage of allocation to be used in the year 1950 in accordance with the formula found by the trial court and approved by this court, there is no need for the taking of additional evidence in this cause.

Our prior opinion is in all matters re-affirmed, except as herein corrected.